STUBBE BROTHERS, INC., Appellant, *v.* REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 750. Submitted March 6, 1929.—Decided April 24, 1929.

*Enrique Rincón* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action brought by Stubbe Brothers an attachment was levied on certain growing crops of sugar cane and on the residue that might correspond to the defendant in a crop of sugar cane affected by a contract of agricultural financing. The writ having been presented in the registry of property

for the purpose of recording that attachment, its record was denied on September 8, 1928, and this decision was notified to the party in interest on November 24 of the same year. No appeal was taken from that decision and after the expiration of the statutory twenty days allowed for appealing the same document was presented a second time in the same registry for record, which was again denied on January 5, 1929. This administrative appeal was taken after notice had been received.

The first decision denying the record having been consented to, this court can not decide the second, which is a repetition of the first, as has been held in *Barreras* v. *Registrar,* 15 P.R.R. 542; *Behn* v. *Registrar,* 21 P.R.R. 486; *Córdova* v. *Registrar,* 22 P.R.R. 384, and *People* v. *Registrar,* 22 P.R.R. 746.

When the attachment was presented for record in the registry of property the second time it was requested also that it be recorded in the registry of agricultural financing contracts, which was refused by the registrar on the ground that the attachment should be recorded in the registry of property and not in the registry of agricultural contracts. That refusal is included also in this appeal.

In connection with that, the appellants cite as having been infringed sections 8 and 10 and subdivisions 1 and 2 of section 14 of the Act of March 10, 1910, as amended in 1911 and 1925, referring to agricultural loans.

That Act has not been infringed by the registrar because neither in the sections cited by the appellants nor in the others is it provided that attachments on growing crops of sugar cane may be recorded in the registry of agricultural contracts created by that act, nor has it for its object the recording of such attachments, but the recording of agricultural contracts for advances of funds and grinding of sugar cane entered into by the planters.

The appellants say that their attachment is recordable in the registry of agricultural contracts as to the residue that

may correspond to the defendant in a cane crop affected by a financing contract because it is provided in the second paragraph of section 14 of the Act on agricultural contracts that the provisions of the Mortgage Law when not in conflict with the provisions of that act shall be applicable, and because under subdivision 2 of article 42 of the Mortgage Law cautionary notice of his rights may be entered in the proper public registry at the request of any party who in accordance with the law has obtained in his favor a writ of attachment on real property of the debtor.

The provision of the Mortgage Law that attachments may be recorded in the proper public registries refers to the registries of property, since the law was enacted for such registries and not for other registries, and much less for registries which did not then exist, such as registries of agricultural contracts, and because the same law refers to attachments on real property of the debtor. Therefore the right alleged by the appellants to have their attachment recorded in the registry of agricultural contracts can not be based on that provision.

The appeal from the first decision of January 5, 1929, is dismissed and the other decision refusing to record the attachment in the registry of agricultural contracts is affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.

Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF

While my dissent does not appear in all the cases cited in the foregoing opinion, yet it does in several of them. I do not recall why the dissent does not appear in all. I have never been satisfied that by not appealing a registrant consents permanently to the state of the registry. There is no *res adjudicata,* because the rights have not been determined in a case or controversy. If the proposed registrant did not appeal before, by presenting the document afresh and paying

the stamps due the government he ought to have a right of review in this court; or even to a record due to a reversal by this court in a similar case or a change of opinion by the registrar himself. It ought not to be necessary to present a proceeding in court if the matter can be settled administratively.